EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 2:17-cv-00073 |
| Plaintiff, | ) ) | Hon. John Preston Bailey |
| v. | ) ) ) | |
| BIG LOTS STORES, INC., | ) ) | |
| Defendant. | ) | |

### DECLARATION OF FAY MAGNER

I, Fay Magner, declare the following:

1. I currently reside in Elkins, West Virginia.

2. I work and have worked at the Big Lots retail store in Elkins, West Virginia, as a part-time cashier/recovery for approximately ten years.

3. I also work at the West Virginia Department of Health and Human Resources (DHHR) in Elkins, West Virginia, as a full-time Social Services Worker II. I have worked at the DHHR for approximately 40 years.

4. I have personal knowledge of the matters stated in this declaration, and if called on to do so, I could and would confidently testify to those matters.

5. During my employment at the Big Lots in Elkins, I had the opportunity to interact with Christena Johnson and observed that she has impaired hearing and speech, conditions that were obvious to me. Ms. Johnson speaks loudly and exhibits a pattern of speaking consistent with that of an individual who has profound hearing loss.

6. A few years ago—I cannot recall exactly when—Christena Johnson told me that some of our Big Lots coworkers had made fun of her because of the way she talks. I observed that she was upset about being ridiculed.

7. I also recall a Big Lots coworker—I cannot recall exactly who—telling me that some of our other coworkers had made fun of Christena Johnson because of the way she talks.

8. I do not know and have never met Billie Jo Bishop. If she ever came to the Big Lots in Elkins, I did not meet her.

9. Although I may have received a copy of any antidiscrimination or workplace-harassment policy when I was hired, and although I have seen an antidiscrimination or workplace-harassment bulletin posted on an employee bulletin board, I have never attended any antidiscrimination or workplace-harassment training at the Big Lots in Elkins.

10. When David Perry was the store manager at the Big Lots in Elkins, he knew that I had a full-time job at DHHR. He never told me that having a second job would interfere with my job at Big Lots.

11. My current schedule at DHHR is 8:30 AM to 4:30 PM, Monday through Friday. I have worked regular daylight hours throughout my career at DHHR.

12. Because I work regular daylight hours at DHHR, I can only work at Big Lots on weekends and weekday evenings. Neither David Perry nor any other manager or supervisor at Big Lots ever told me that my job at DHHR created scheduling difficulties at Big Lots.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/27/18

Fay Magner

2