IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>                **Plaintiff,**<br><br>**v.**<br><br>**BIG LOTS STORES, INC.,**<br><br>                **Defendant.** | **Civil Action No. 2:17-cv-00073**<br><br>**Hon. John Preston Bailey** |

## BIG LOTS STORES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF CHRISTENA JOHNSON

**I.     INTRODUCTION**

This case presents a textbook example when application of the "sham affidavit doctrine" is necessary to protect the utility of summary judgment motions and the integrity of the discovery process. Defendant moved for summary judgment based, in part, on the deposition testimony of Christena Johnson. Johnson's testimony established unequivocally that she did not meet the definition of disabled under the Americans with Disabilities Act ("ADA"). Specifically, Johnson testified at her deposition that she is deaf in her right ear, her condition does not limit any major life activity, and she has no other impairments. In opposition to Defendant's summary judgment motion, Plaintiff submitted a declaration from Johnson that directly contradicted her sworn deposition testimony by identifying additional impairments and detailing ways in which those conditions allegedly affect her.

After Big Lots addressed Johnson's sham declaration in its Reply, Plaintiff submitted a *second* declaration from Johnson in which she attempts to explain her contradictory testimony by stating, in essence, she did not understand the importance of the questions posed to her and would

have testified differently had she been aware of the legal significance of her testimony. Johnson's "explanation" prepared by counsel as opposed to Johnson is wholly inappropriate. The questions posed to Johnson during her deposition were clear, straightforward, and non-legalistic. Johnson had no difficulty hearing counsel during her deposition and, at no time, indicated that she did not understand the questions with which she now takes issue. Johnson's knowledge or lack thereof of the relevant legal standard is also irrelevant to whether her later submitted declarations contradict her sworn deposition testimony. Indeed, Plaintiff's effort to craft declarations to meet the legal definition of "disability" in spite of Johnson's unequivocal prior contradictory testimony is precisely the type of conduct the sham affidavit doctrine is intended to protect against.

Because Johnson's declarations flatly contradict her prior deposition testimony that she is not disabled, Defendant respectfully requests that this Court strike the declarations and decide Defendant's summary judgment motion based on the admissible evidence already before this Court.

## II. BACKGROUND

Defendant deposed Johnson on April 17, 2018. During her deposition, Johnson was questioned on whether she was impaired in any way and, if so, how those impairments affected her.

> Q: Okay. The charge references disability discrimination. Are you disabled?
>
> A: I'm deaf in my right ear.
>
> Q: Do you have any other impairments that you believe constitute a disability other than your right ear?
>
> A: No.

\* \* \*

> Q: During your employment with Big Lots did you have any work restrictions or limitations as a result of your hearing impairment?
>
> A: No.
>
> Q: Has your hearing impairment impacted your performance in any other jobs that you've held?
>
> A: No.
>
> Q: Okay. Does your hearing impairment impact you or impose any limitation on your life outside of work?
>
> A: No.

(Johnson Dep., pp. 68, 69.) At no time did Johnson ask for clarification, nor did she indicate that she did not understand or was otherwise confused by the question, despite agreeing she would do so if a question was unclear or confusing to her. (Johnson Dep., pp. 6-7.) Counsel did not object to these questions. Further, although Counsel for the EEOC redirected Johnson on several topics, the EEOC did not further inquire into the testimony forming the basis of Big Lots' Motion. (Johnson Dep. 208-212). Finally, Johnson provided no changes to her testimony through an errata sheet as permitted by Rule 30(e).

Defendant moved for summary judgement, in part, based on Johnson's unequivocal deposition testimony that her only impairment was deafness in one ear and that her condition did not substantially limit a major life activity. (Doc. # 57, pp. 12-13.) In support of its opposition to Defendant's summary judgment motion, Plaintiff attached a declaration from Johnson. (Doc. # 63-3.) Johnson's declaration contradicted her sworn deposition testimony in two main respects. First, Johnson alleged that, in addition to being deaf in her right ear, she is partially deaf in her left ear and has "a speech impairment." (Doc. # 63-3, ¶ 6.) Second, Johnson contradicted her deposition testimony that she was not limited in any way by her impairment by discussing how her deafness affects her ability to hear, have conversations, and talk on the telephone, and how her

3

speech impairment makes it difficult for her to pronounce "some sounds, especially *r* sounds." (*Id.* at ¶¶ 8-9.)

In its Reply, Defendant asked this Court to disregard Johnson's declaration pursuant to the sham affidavit doctrine due to the inconsistencies between Johnson's declaration and prior deposition testimony. (Doc. # 68, pp. 2-4.) In its Surreply, Plaintiff submitted a second declaration from Johnson attempting to explain the inconsistencies. (Doc. #69-3.) In her second declaration, Johnson claims that she identified deafness in her right ear as her only disability because she does not "know the legal definition of *disability* under the Americans with Disabilities Act" and does not know whether "my hearing loss in my left ear or my speech impairment qualify as disabilities…" (*Id.* at ¶¶ 3-4.) As for the reason Johnson did not identify any limitations caused by her alleged conditions, Johnson claims she did not understand the questions posed to her and that she does not "know the legal definition of *major life activities* under the Americans with Disabilities Act." (Id. at ¶¶ 5-8.) Critically, at her deposition Johnson was not asked to explain the legal standards, only to testify to her actual abilities and disabilities. Johnson understood the question to respond that she had hearing loss in her right ear. If Johnson was in fact impaired in both ears as the EEOC-drafted declaration now suggests, the Court might have expected her answer to the question to be "I have hearing loss in both ears." It was not.

### III. THE SHAM AFFIDAVIT DOCTRINE

Rule 56(c)(4) of the Federal Rules of Civil Procedure permits a declaration to be used to support or oppose a motion for summary judgment if, among other things, the declaration sets out facts that would be admissible in evidence. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Proc. 56(c)(2).

The Fourth Circuit adheres to the "long-standing principle that a party against whom summary judgment is sought cannot create a jury issue by identifying discrepancies in his own account of the facts." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185, fn. 7 (4th Cir. 2001). This principle, known as the "sham affidavit doctrine," is used to exclude as inadmissible declarations that are "inherently inconsistent with deposition testimony." *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990); *see also, Cleveland v. Policy Management Systems, Corp.*, 526 U.S. 795, 806 (1999). Central to its application is the principle that a party's deposition testimony "will usually be more reliable than his affidavit, since the deponent was either cross-examined by opposing counsel, or at least available to opposing counsel for cross-examination." *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (internal quotation marks omitted). The doctrine is necessary to protect "the utility of summary judgment as a procedure for screening out sham issues of fact." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) (quoting *Perma*, 410 F.2d at 578).

### IV.   JOHNSON'S CONTRADICTORY DECLARATIONS MUST BE STRICKEN

There can be no credible argument that Johnson's declarations are not inherently inconsistent with her prior, sworn deposition testimony. When questioned during her deposition about the disabilities that formed the basis of her EEOC charge, Johnson identified only one: deafness in her right ear. (Johnson Dep., p. 68.) When specifically asked if she had any other disabilities, Johnson unequivocally answered, "No." (*Id.*) Counsel did not object nor redirect. No errata sheet was submitted to amend or correct this testimony. In her declaration submitted months later, however, Johnson identified additional impairments (i.e., partial deafness in her right ear and a speech impairment). (Doc. #63-3, ¶ 6.) Similarly, when asked whether the single impairment she identified limits her in any way, Johnson, again, unequivocally answered, "No." (*Id.* at pp. 68-

5

69.) Johnson took another entirely different position in her declarations, discussing various ways her conditions limit her. (Doc. #63-3, ¶¶ 7-9.)

Despite these obvious, inherent inconsistencies, Plaintiff incredibly argues in its Surreply that Johnson's declarations do not contradict her deposition testimony. Plaintiff initially argues there is no inconsistency because it identified additional impairments in its Complaint and other witnesses testified about Johnson's hearing and speech. (Doc. #71, p. 3.) The sham affidavit doctrine, however, is not concerned with whether an individual's later submitted declaration conflicts with other testimony. Thus, the allegations in *Plaintiff's pleadings* and the testimony of *other witnesses* are entirely irrelevant. The only germane issue is whether *Johnson's* testimony is inherently inconsistent. And, *Johnson* initially testified that she had no other impairments other than deafness in her right ear that did not limit her in any way, only to contradict that testimony after Defendant moved for summary judgment. Plaintiff cannot rely on the allegations contained in Johnson's subsequent and contradictory declarations.

Plaintiff also argues that the questions posed to Johnson during her deposition were "generalized" and, as a result, Johnson did not interpret them as asking her to fully describe all impairments and limitations. (Doc. #71, p. 4.) Plaintiff's argument and Johnson's "explanations" are entirely unconvincing. Johnson was specifically asked about the disabilities that formed the basis of her EEOC charge. She identified only one: deafness in her right ear. (Johnson Dep., p. 68.) To be sure, Defendant asked Johnson the follow-up question of whether she had "any other impairments," to which she answered, "No." (*Id.*) Johnson was then asked whether the single impairment she identified limited her ability to perform her job at Big Lots, to perform any other job, or imposed any limitation outside of work. Johnson again answered, "No." (*Id.*) Defendant's questions were pointed, yet allowed Johnson every opportunity to list all of her impairments and

6

describe how they limited her life, if at all. In light of Johnson's unequivocal testimony, there was no need for additional questions.[1]

Moreover, Johnson's claim that she did not understand the questions is not believable. Notably, Johnson's first declaration contained no explanation for her contradictory testimony. Only after Defendant addressed the inconsistencies in its Reply did Johnson submit yet another EEOC-drafted declaration with some explanation for her changed testimony. Nonetheless, the questions posed to Johnson were, on their face, clear, straightforward, and non-legalistic. Johnson had no difficulty hearing counsel during her deposition and, at no time, indicated that she did not understand the questions with which she now takes issue. If Johnson was confused by the questions, she could have asked Defendant's counsel for clarification at that time as she was instructed to do. She did not. Plaintiff's counsel could have remedied any claimed confusion on re-direct. Plaintiff asked no questions. Johnson could have corrected her testimony by submitting an errata sheet. She did not.

Despite having multiple opportunities to address her testimony at the time of or shortly after her deposition, Johnson waited until after Defendant moved for summary judgment to provide new, inconsistent testimony and after Defendant filed its Reply to try and explain her inconsistencies. If permitted, Plaintiff's conduct deprives Defendant the opportunity to cross-examine Johnson and undermines the utility of summary judgment and the integrity of the discovery process. This is precisely the situation the sham affidavit doctrine is intended to protect against.

---

[1] The cases cited by Plaintiff in its Surreply are inapposite. Those cases, *Mandegue* and *Bethea*, involved testimonial omissions in response to broad questions asking about all incidents of harassment. That is decidedly different and far more broad than asking Johnson to identify the disabilities that form the basis of her discrimination claim and how those impairments affect her.

7

Furthermore, Johnson's claim that she did not know the legal definition of "disability" under the ADA and Plaintiff's argument that Johnson "was not responsible for knowing EEOC's lines of proof on this issue and what facts about her disability or major life activities EEOC considers probative" (See, e.g., Doc. #69-3, ¶¶ 3, 4, 8; Doc. #71, p. 5), are telling about the true motives for Johnson's changed testimony.[2] Once the EEOC realized that Johnson's truthful testimony about her single impairment was insufficient to qualify as "disabled" under the ADA, the EEOC crafted declarations (and had Johnson sign them) with new, contradictory facts in an effort to meet that legal standard and defeat summary judgment.[3]

The EEOC is clearly attempting to create an issue of fact using inherently inconsistent testimony to avoid summary judgment. For these reasons, Johnson's declarations should be stricken pursuant to the sham affidavit doctrine.

---

[2] Johnson was not asked to provide a legal conclusion. She was asked for her knowledge of facts related to her impairments and how those impairments affected her. Johnson's knowledge or lack thereof of the legal standard is entirely immaterial to whether her testimony is inconsistent.

[3] Regardless of whether this Court accepts Johnson's declarations, Plaintiff still had not demonstrated material issues of fact to survive summary judgment.

## V. CONCLUSION

Johnson's deposition testimony established that she is not disabled under the ADA. Plaintiff should not be allowed to manufacture a claim by supplementing the record with self-serving, contradictory evidence. Defendant, therefore, respectfully requests that Johnson's declarations be stricken and Defendant's motion for summary judgment decided based on the admissible evidence already before this Court.

Dated: August 27, 2018

Respectfully submitted,

/s/ David R. Stone
Mark A. Knueve (0067074), Trial Attorney*
Daniel J. Clark (0075125)*
Cory D. Catignani (0084329)*
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Tel.: (614) 464-5645
Fax: (614) 719-4866
maknueve@vorys.com
djclark@vorys.com
cdcatignani@vorys.com
*Admitted *pro hac vice*

Justin M. Harrison (WVSB #9255)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel.: (304) 340-1358
Fax: (304) 340-1080
justin.harrison@jacksonkelly.com

David R. Stone (WVSB #12824)
JACKSON KELLY PLLC
150 Clay St., Suite 500
Morgantown, WV 26501
Tel.: (304) 284-4100
Fax: (304) 284-4142
drstone@jacksonkelly.com
*Counsel for Defendant Big Lots Stores, Inc.*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC.,<br><br>Defendant. | Civil Action No. 2:17-cv-00073<br><br>Hon. John Preston Bailey |

### CERTIFICATE OF SERVICE

I, David R. Stone, do hereby certify that on this 27th day of August, 2018, I served a true and exact copy of the foregoing, "BIG LOTS STORES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF CHRISTENA JOHNSON," with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ David R. Stone
David R. Stone (WVSB #12824)