## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 2:17-cv-00073 |
| v. | Hon. John Preston Bailey |
| BIG LOTS STORES, INC., | |
| Defendant. | |

### PLAINTIFF EEOC'S RESPONSE TO DEFENDANT BIG LOTS STORES, INC.'S MOTION TO STRIKE DECLARATIONS OF CHRISTENA JOHNSON

Defendant Big Lots Stores, Inc. asks the Court to strike Christena Johnson's Declarations regarding its Motion for Summary Judgment (ECF Nos. 63-3 & 69-3) because, as Defendant argues, they "flatly contradict her prior deposition testimony that she is not disabled." (Mem. ISO Mot. to Strike ("MTS") at 2, ECF No. 73.) Defendant's argument is untenable. There is no "clear and unambiguous," "flat," or "inherent" contradiction between Ms. Johnson's Declarations and her prior testimony that would require an explanation—much less exclusion of her Declarations. The facts in Ms. Johnson's summary judgment Declaration were not responsive to Defendant's highly generalized deposition questions, something Defendant implicitly acknowledges in its Motion to Strike by its attempt to reframe its own questions *post hoc*. Indeed, Defendant chose not to examine Ms. Johnson concerning various facts in her summary judgment Declaration despite having notice from the statute and the record in this case that those subjects would be at issue in the litigation. Finally, independent evidence in the record corroborates Ms. Johnson's statements about her hearing and speech impairments, which further demonstrates that her Declarations are not a "sham."

## LEGAL STANDARD

EEOC discussed the sham-affidavit doctrine and applicable legal standard in its Surreply Regarding Big Lots' Motion for Summary Judgment ("Surreply"). (ECF No. 71 at 1–3.) As stated there, a party seeking to strike an affidavit must show a "clear and unambiguous" or "flat" contradiction between the affidavit and the affiant's prior testimony. (*Id.*) Defendant's citation to cases requiring an "inherent" inconsistency for exclusion (MTS at 5) amounts to the same high bar.

Moreover, courts generally refuse to strike affidavits as shams when there is independent evidence in the record to bolster the facts stated therein. *Baer v. Chase*, 392 F.3d 609, 625–26 (3d Cir. 2004); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43–44 (2d Cir. 2000); *Delaney v. Deere & Co.*, 219 F.3d 1195, 1196 n.1 (10th Cir. 2000); *see also Essex Ins. Co. v. Schooner's Bar & Grill, Inc.*, No. CV 3:15-15881, 2017 WL 778708, at *5–6 (S.D.W. Va. Feb. 28, 2017) (refusing to strike affidavit as a sham upon finding that it "does not prejudice Plaintiff, corresponds with independent facts of the case, and does not directly contradict a sworn deposition"). The presence of other evidence consistent with the facts in the affidavit alleviates not only the concern that the affidavit is a sham, *Baer*, 392 F.3d at 626; *Corio*, 232 F.3d at 43–44, but also the concern that the affidavit confronts the opposing party with unfair surprise or prejudice, *see Essex Ins. Co.*, No. CV 3:15-15881, 2017 WL 778708, at *6; *Sorin Grp. USA, Inc. v. St. Jude Med., S.C., Inc.*, 176 F. Supp. 3d 814, 835 n.12 (D. Minn. 2016); *Apple Glen Inv'rs, L.P. v. Express Scripts, Inc.*, No. 8:14-CV-1527-T-33EAJ, 2015 WL 3721100, at *3 (M.D. Fla. June 15, 2015).

**ARGUMENT**

**I.  There is no contradiction between Christena Johnson's Declarations and her deposition testimony about her hearing impairment.**

It is undisputed that during Ms. Johnson's deposition, Defendant failed to ask her any specific questions about the full nature and extent of her hearing ability/inability. Defendant did not ask Ms. Johnson to describe how well she hears or in what manner she has difficulty hearing. It did not ask her to quantify her hearing loss. It did not ask her about the combined effect of the hearing loss in both ears on her ability to hear. And it did not ask her to describe particular circumstances that may present her with difficulty in hearing or understanding oral communications. In a case in which the aggrieved employee has bilateral deafness—and in which the applicable federal statute expressly defines hearing as a stand-alone "major life activity" that can establish disability without the need to show any other life activities are affected, 42 U.S.C. § 12102(2)(A), (4)(C)—these are obvious lines of inquiry to determine whether Ms. Johnson is disabled. But Defendant chose not to pursue such questioning with her.

Furthermore, given EEOC's status as the sole Plaintiff in this case, it is EEOC's contentions and lines of proof that are determinative regarding the mixed fact/law question of "disability," not Ms. Johnson's personal opinion as to how she considers herself disabled. Defendant had every opportunity to take such contention discovery from EEOC but opted to not do so.

Rather than asking Ms. Johnson any specific questions about the nature and extent to which her ability to hear, in-itself, is affected, or whether she lip-reads and how her hearing would be affected in the absence of lip-reading as a mitigating measure, or exploring EEOC's contentions concerning Ms. Johnson's actual disability, Defendant instead elected to ask Ms. Johnson for her *lay opinion* of how *she believes* she would be considered legally "disabled" followed by questions

3

about whether her limitations in the major life activity of hearing cause problems with *other major life activities*. The results of such an examination are predictable—the lay witness answers the questions as best she can, but ultimately there are facts about her disability that are not elicited because (a) those facts were never the subject of specific inquiry, (b) she does not know the legal definitions of the terms used in the questions, and (c) she does not know how EEOC applies the facts to the controlling legal framework. That outcome is entirely a product of Defendant's approach to discovery, not any evasion or other impropriety by the witness. Perhaps understanding the limitations of its own deposition questions, Defendant now mischaracterizes those questions in its Motion to Strike, suggesting contradictions where none exist.[1]

In fact, the absence of any inherent or unambiguous contradiction between Ms. Johnson's Declaration and her prior deposition testimony is further demonstrated by other portions of her

---

[1] For instance, Defendant states that it asked Ms. Johnson "whether the single impairment she identified limits her in any way" and that she "unequivocally answered, 'No.'" (MTS at 5.) Defendant's statement is inaccurate. It did not ask Ms. Johnson whether her right-ear deafness "limits her in any way" but rather asked, "Does the—during your employment with Big Lots, did you have any work restrictions or limitations as a result of your hearing impairment?" "Has your hearing impairment impacted your performance of any other jobs that you've held?" and, "Does your hearing impairment impact your—or impose any limitations on your life outside of work?" (Johnson Dep. 68:22–24, 69:2–3, 6–7, ECF No. 73-1.) These questions do not ask whether her right-ear deafness "limits her in any way," but rather, they ask about work restrictions, work limitations, job performance, and limitations on her activities outside work. Defendant did not ask Ms. Johnson whether her right-ear deafness limits her ability to hear in-itself or her speech. Nor did Defendant inquire about ameliorative effects of learned behavioral modifications like lip-reading.

Similarly, Defendant claims that it asked Ms. Johnson "if she had any other disabilities" and that she "unequivocally answered, 'No.'" (MTS at 5.) But Defendant's claim glosses over key language in its question. It did not ask Ms. Johnson "if she had any other disabilities" but rather asked, "Do you have any other impairments *that you believe* constitute a disability other than your right ear?" (Johnson Dep. 68:12–14, ECF No. 63-4 (emphasis added).) By its plain language, this is not a question about *the objective fact* of whether Ms. Johnson has "any other disabilities"; this is a question about *her subjective beliefs*—viz. whether she has any other impairments that constitute a disability in her own opinion. There is no inconsistency between her personal beliefs about her impairments and the facts in her first Declaration on which EEOC is relying to show that she has an actual or perceived disability under the ADA. (*See* ECF No. 63-3 ¶¶ 6–9 (describing hearing and speech impairments and lip-reading, and failing to mention *disabilities*).)

4

deposition that Defendant has omitted from its Motion to Strike, testimony in which Ms. Johnson mentioned some aspects of her hearing inability.

Prior to the six questions and answers cited in Defendant's Motion, Ms. Johnson testified, "It's hard for me to hear the intercoms and stuff." (Johnson Dep. 63:15–16, ECF No. 63-4.) She later offered more detail about her difficulty hearing in the workplace:

> And then her and Kellie would stand there, and while I'm trying to talk to—when you're deaf, when you're trying to talk to someone on the phone, you only have the one ear. And whenever someone's in—right behind you, right in your ear, laughing at you and you're trying to hear your customers, that's pretty hard.

(*Id.* at 82:3–9.) Defendant did not ask any follow-up questions about the nature or extent of her inability to hear in response to these answers. (*See id.* at 63, 82.)

These two portions of Ms. Johnson's testimony belie Defendant's assertion that in her first Declaration (ECF No. 63-3 ¶ 8) "Johnson contradicted her deposition testimony that she was not limited in any way by her impairment by discussing how her deafness affects her ability to hear, have conversations, and talk on the telephone . . . ." (MTS at 3.) Contrary to Defendant's assertion, it is clear that Ms. Johnson testified during her deposition about "how her deafness affects her ability to hear, have conversations, and talk on the telephone." EEOC may therefore offer a declaration elaborating upon, explaining, or clarifying her prior testimony, and there is no contradiction in doing so. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 999 (9th Cir. 2009). Defendant cannot ignore this testimony and then claim that statements in her Declaration are inherently inconsistent with her deposition testimony. It clearly is not.[2] *See, e.g.*, *Welch v. All Am.*

---

[2] In light of the allegations in EEOC's Complaint and the evidence properly before the Court on Defendant's Motion for Summary Judgment, it bears reminding that whether Ms. Johnson has an actual disability under 42 U.S.C. § 12102(1)(A) is not dispositive of any of EEOC's claims. EEOC also alleged that Ms. Johnson was subjected to harassment and discrimination because she was regarded as a person with a disability under 42 U.S.C. § 12102(1)(C). (Compl. ¶¶ 16, 18, 20, 21, ECF No. 1.) To prove Ms. Johnson was regarded as disabled under the 2008 amendments to the ADA, EEOC need only show at trial that Ms. Johnson has a non-minor or non-transitory physical impairment and that she was subjected to discrimination

*Check Cashing, Inc.*, No. 3:13CV271TSL-JCG, 2014 WL 11514960, at *2 (S.D. Miss. Aug. 12, 2014) (denying defendant's motions to strike plaintiff's affidavits and stating, "Defendant's motions plainly do not proceed from a fair and objective construction of the deposition testimony of plaintiff and the subject witnesses. On the contrary, in its motions, defendant has mischaracterized testimony, taken testimony out of context and ignored or failed to account for other explanatory or clarifying testimony.").

## II. There is no contradiction between Christena Johnson's Declaration and her prior deposition testimony because Defendant failed to question her about her speech impairment or lip-reading during her deposition.

Defendant did not question Ms. Johnson about her speech impairment or lip-reading at all during her deposition. Given the allegations in EEOC's Complaint (ECF No. 1 ¶¶ 15, 16, 18) and the legal standard applicable to determining whether an impairment substantially limits an individual in a major life activity, which requires that the ameliorative effects of learned adaptive behaviors like lip-reading be disregarded and the impairment be viewed in its non-ameliorated state, 42 U.S.C. § 12102(4)(E)(i), asking Ms. Johnson about her speech impairment and lip-reading would have been reasonably apparent lines of questioning, and Defendant's failure to do so is fatal to its Motion to Strike and its Motion for Summary Judgment. There can be no contradiction— much less a "clear and unambiguous," "flat," or "inherent" contradiction—requiring exclusion of the corresponding paragraphs of her first Declaration (ECF No. 63-3 ¶¶ 6, 7, 9) because there is no specific prior testimony on these topics that her Declaration could contradict. *E.g.*, *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 571 (7th Cir. 2015) ("Without that question having

---

because of that impairment. Defendant does not deny that Ms. Johnson has a physical impairment that is non-minor/non-transitory, and as the summary judgment briefing demonstrates, there are plainly genuine issues of fact for trial regarding whether she was subjected to discrimination because of that impairment.

been asked and answered . . ., his later declaration . . . simply did not contradict any specific testimony in his deposition.").

### III. The facts in Christena Johnson's Declaration are not a "sham" but are consistent with other evidence in the record of her hearing and speech impairments.

Thus, there is no contradiction, clear and unambiguous or otherwise, between Ms. Johnson's Declaration and her deposition testimony. But even if there were such a contradiction, that would not be the end of the inquiry. In determining whether an affidavit must be disregarded as a "sham," the federal courts often look to whether there is other evidence in the record that is consistent with the purportedly contradictory statement in the affidavit, *see* authorities cited *supra* at 2, which alleviates the concern that new factual material has been recently fabricated to avoid summary judgment or that the opposing party has been unfairly surprised. Here, Ms. Johnson's summary judgment Declaration cannot be a last-minute ruse artfully devised to evade an adverse summary judgment ruling when independent evidence (available to Defendant long before Ms. Johnson's deposition) corroborates its content.

In its Surreply, EEOC cited the allegations in its Complaint and multiple witnesses' deposition testimony establishing that Ms. Johnson was known to have a speech impairment and that Defendant was well aware of that fact prior to Ms. Johnson's deposition. (ECF No. 71 at 3.) That same witness deposition testimony also corroborates a fact that would be obvious to any reasonable observer, i.e., that a person with bilateral deafness like Ms. Johnson has limitations *in her ability to hear*. Defendant could have explored those limitations with Ms. Johnson during her deposition. It chose to not do that. Defendant could have propounded contention discovery to EEOC concerning those limitations or the other factual bases for EEOC's allegation that Ms. Johnson has an actual disability. Defendant chose to not do that either.

Even if there were a clear contradiction presented by Ms. Johnson's Declaration, which has not been shown, the balance of the evidence in this case demonstrates that her statements in the Declaration have not been fabricated to defeat Defendant's summary judgment motion. There is independent evidence in the record that is consistent with the facts in Ms. Johnson's Declarations about her hearing and speech impairments.

## CONCLUSION

For the reasons stated above, EEOC respectfully requests that the Court deny Defendant Big Lots Stores, Inc.'s Motion to Strike Declarations of Christena Johnson.

Respectfully submitted,

/s/ Gregory A. Murray
Gregory A. Murray
Trial Attorney
Pa. I.D. No. 316144
EEOC – Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 395-5844
Fax: (412) 395-5749
gregory.murray@eeoc.gov

/s/ Ronald L. Phillips
Ronald L. Phillips
Supervisory Trial Attorney
Ohio I.D. No. 0070263
EEOC – Baltimore Field Office
City Crescent Building, 3d Floor
10 South Howard Street
Baltimore, MD 21201
Phone: 410-209-2737
Fax: 410-962-4270
ronald.phillips@eeoc.gov

William J. Powell
United States Attorney

/s/ Helen Campbell Altmeyer
Helen Campbell Altmeyer
Assistant United States Attorney
Civil Division Chief
WV Bar #117
United States Attorney's Office
U.S. Courthouse & Federal Building
1125 Chapline St., Suite 3000
Wheeling, WV 26003
Telephone: (304) 234-0100
helen.altmeyer@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | |
| Plaintiff, | Civil Action No. 2:17-cv-00073 |
| v. | Hon. John Preston Bailey |
| **BIG LOTS STORES, INC.**, | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 6th day of September 2018, the foregoing Plaintiff EEOC's Response to Defendant Big Lots Stores, Inc.'s Motion to Strike Declarations of Christena Johnson was served via the Court's ECF filing system to:

Mark A. Knueve, Esquire
Daniel J. Clark, Esquire
Cory D. Catignani, Esquire
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
Columbus, OH 43215

*Attorneys for Defendant*

Respectfully Submitted,

/s/ Helen Campbell Altmeyer
Helen Campbell Altmeyer
Assistant United States Attorney
Civil Division Chief
WV Bar #117
United States Attorney's Office
U.S. Courthouse & Federal Building
1125 Chapline St., Suite 3000
Wheeling, WV 26003
Telephone: (304) 234-0100
helen.altmeyer@usdoj.gov

9