**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>          **Plaintiff,**<br><br>   **v.**<br><br>**BIG LOTS STORES, INC.,**<br><br>          **Defendant.** | **Civil Action No. 2:17-cv-00073**<br><br>**Hon. John Preston Bailey** |

**DEFENDANT BIG LOTS STORES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT SHELIA BERTELLI AND DAVID PERRY VOLUNTEER WITH THE SPECIAL OLYMPICS**

**I.      Introduction**

In its motion *in limine*, EEOC moves to exclude evidence that Shelia Bertelli and David Perry, two of the individuals EEOC accuses of discriminatory and retaliatory conduct against Christena Johnson and Sheria Blackburn, volunteer with the Special Olympics.  EEOC argues that such evidence is inadmissible character evidence and irrelevant.   EEOC's argument is fundamentally incorrect.

First, Bertelli's and Perry's testimony is not inadmissible character evidence because it is not being offered to show that Bertelli and Perry acted in accordance with a character trait.  It is, instead, a direct response to EEOC's claim that Perry and Bertelli harbored discriminatory animus to persons with disabilities.  Thus, the testimony does not meet the definition of character evidence. Moreover, it is evidence of Bertelli's and Perry's intent or motive (or lack thereof) to discriminate or retaliate against Johnson and Blackburn, which is specifically permitted by the rules of evidence.

Second, EEOC's argument that the evidence is irrelevant is absurd.  The evidence is probative of an element of EEOC's claims.  To prove its claims, EEOC must show that Johnson and Blackburn were subjected to ***intentional*** discrimination, harassment, and retaliation.  In other words, ***intent*** is a necessary element of EEOC's claims.  Bertelli's and Perry's involvement with the Special Olympics is evidence of a lack of discriminatory or retaliatory animus.  Thus, it is directly relevant to an essential element of EEOC's claims.  For these reasons, Big Lots respectfully requests that EEOC's motion be denied.

## II.      Factual Background

The EEOC asserts that Bertelli "regularly harassed and otherwise mistreated [Johnson] because of her hearing and speech impairments."  (Doc. #63-2, p. 9).  The EEOC also contends that Perry condoned such harassment and retaliated against Johnson for complaining about it. (Doc. #63-2, pp. 15–17, 23).  Both Perry and Bertelli strongly deny these accusations and testified in no uncertain terms that they would have no intent or motivation to engage in the conduct of which they were accused.  In fact, Bertelli testified that she "didn't think anything of" Johnson's hearing impairment.

Q:      What is your understanding of Christina Johnson's hearing ability?

…

A:      I don't think anything of it.  I mean I work with some disabled kids, so it doesn't.

By Mr. Murray:

Q:      So you said you worked with some disabled kids.

A:      Yeah, I work with the Special Olympics.

(Deposition of Sheila Bertelli at p. 51).   Bertelli's testimony refutes any attempt by EEOC to establish a discriminatory intent since Bertelli did not even consider Johnson's impairment. Bertelli's involvement with the Special Olympics is evidence of her lack of intent.

Likewise, Perry testified that he did not hear any of Johnson's coworkers call her any names and that he would not tolerate the alleged behavior:

Q:      Did you ever hear anyone call Christina a retard at work?

A:      No.

Q:      Did you ever hear anyone call her mumble-mouth?

A:      No.

Q:      Were you ever told that anyone called her a retard?

A:      Not that I recall.

Q:      Were you ever told that anyone called her a mumble mouth?

A;      Not – not – definitely not mumble-mouth.

Q:      Okay.  But maybe retard.

A:      I might have – I can't recall.  But I never even heard mumble-mouth before.

Q:      What about cotton-mouth?

A:      No. And the retard, probably not either.  Because I work with Special Olympics, and that's a derogatory term to my people.

Q:      I'm not implying –

A:      So I would be highly upset.  And I don't recall being highly upset.  But I coach Special Olympians, so that's a derogatory term towards them.  So I would not appreciate that.

(Deposition of David Perry at pp. 88–89).  Thus, Perry also refuted EEOC's questioning related not only to his knowledge of the alleged discriminatory conduct, but whether he would have any motivation to tolerate it or retaliate against someone for reporting it.  Both Perry's and Bertelli's

testimony of their involvement with the Special Olympics is relevant to their denial of EEOC's allegations that they acted with a discriminatory or retaliatory animus.

## III.    Law and Argument

This case is beyond the summary judgment stage.  EEOC is no longer entitled to have the evidence viewed in a light more favorable to it.  Rather than simply make the accusations, EEOC must convince a jury that Perry and Bertelli routinely harassed Johnson for her alleged impairment and, when allegedly confronted with that information, chose to ignore it and then retaliate against Johnson and Blackburn.  EEOC's accusations are strongly contested by Bertelli and Perry, who cite to their involvement with the Special Olympics as evidence that they lacked any discriminatory or retaliatory intent.  Bertelli and Perry should have the opportunity to explain to a jury why the allegations against them are baseless.  But EEOC seeks to deprive Bertelli and Perry from defending their reputations and asks this Court to exclude evidence that Bertelli and Perry volunteer with the Special Olympics.  The EEOC's arguments lack merit.

### A.    Testimony that Bertelli and Perry Volunteer with the Special Olympics is Admissible under Federal Rule of Evidence 404(b).

EEOC contends that, if Big Lots seeks to admit testimony that Bertelli and Perry volunteer with the Special Olympics, it "likely" will do so for the purpose of showing that Bertelli and Perry would not have discriminated against Johnson based on her disabilities.  (Doc. #83, p. 3.)  Thus, EEOC reasons, the testimony is impermissible character evidence and should be preemptively excluded.  (Doc. #83, p. 3.)

First, the testimony does not even meet the definition of character evidence, which requires that the testimony be used "to prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404(a)(1).  But the evidence is not being used for that purpose.  Rather, there exists two very different versions of events in this case.  According to the

EEOC, Bertelli and Perry created and tolerated a hostile work environment because Johnson allegedly suffers from a disability.  Bertelli and Perry flatly reject those allegations and, in the context of explaining why the claims should not be believed, testified that they volunteer with the Special Olympics.  Therefore, the purpose of the testimony is not to demonstrate Bertelli's and Perry's character and propensity to act in conformity therewith, but to provide the jury with all the facts to help it determine which story it finds more credible.

Further, even if the fact that Bertelli and Perry volunteer their time providing support to the disabled community met the definition of character evidence, such evidence is permissible when used for other purposes.  *See* Fed. R. Evid. 105, 404(b)(2).  Specifically, character evidence "may be admissible for another purpose, such as proving ***motive***, opportunity, ***intent***, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  As discussed more fully below, intent and motive are fundamental requirements to any plaintiff pursuing a discrimination claim.  *See Kitchens v. Boeing Co.*, 2018 U.S. Dist. LEXIS 159978 (D.S.C. Sep. 19, 2018) (holding that "[t]he ultimate burden of persuading the trier of fact that the defendant ***intentionally*** discriminated against the plaintiff remains at all times with the plaintiff") (emphasis added) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). At the very least, Bertelli's and Perry's testimony that they volunteer with the Special Olympics is evidence of their lack of intent or motive to engage in the discriminatory or retaliatory conduct of which they are accused.  Given the permissible purposes for which Bertelli's and Perry's involvement in the Special Olympics may be used at trial, even if this evidence did constitute character evidence, EEOC's argument that it is inadmissible is wrong.

**B.      Testimony that Bertelli and Perry Volunteer with the Special Olympics Is Relevant.**

EEOC alternatively contends that testimony that Bertelli and Perry volunteer with the Special Olympics is irrelevant and thus inadmissible.  Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court . . . ."  Fed. R. Evid. 402.  Under Rule 401, evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  At all times, the threshold for relevance is "low."  *See Lorraine v. Markel Am. Ins. Co*., 241 F.R.D. 534, 541 (D. Md. 2007).

With regards to its harassment claim, the EEOC has the burden of proving at trial that Johnson was subjected to unwelcome harassment *because of* a disability; that is, EEOC must prove a discriminatory **intent**.  *See Fox v. GMC*, 247 F.3d 169, 177 (4th Cir. 2001).  With regards to its retaliation claim, EEOC must similarly prove **intentional** retaliation.  See *Kaszynski v. Thompson*, 83 F. App'x 526, 528 (4th Cir. 2003).  Bertelli's and Perry's involvement with the Special Olympics is evidence of their lack of a discriminatory or retaliatory intent or motive.  Thus, it is directly relevant to a foundational element of EEOC's claims.  Accordingly, it is admissible relevant evidence under Rules 401 and 402.

**C.      The Evidence Is Not Inadmissible Under Rule 403.**

EEOC finally attempts to exclude testimony that Bertelli and Perry volunteer with the Special Olympics on the basis that its admission risks unfair prejudice, jury confusion, or waste of time.  As noted, one of the central issues in this case is whether EEOC can prove the necessary

6

intent.  Because Bertelli's and Perry's testimony is highly probative on that issue, there is no danger that the testimony would confuse a jury.

EEOC is absolutely correct that Bertelli's and Perry's involvement with the Special Olympics is harmful to it case.  *See Harris v. Q&A Assocs.*, 2018 U.S. Dist. LEXIS 104479 (N.D.W. Va. Jun 22, 2018) (noting that "all evidence offered against a party is, by its very nature, inherently prejudicial…").  But as courts have routinely recognized, the issue is not "one of prejudice, but of ***unfair*** prejudice . . . ."  *Id.* (holding that evidence that a party was a non-profit corporation was not unfairly prejudicial).  Allowing Bertelli and Perry to rebut the EEOC's allegations regarding their conduct and explain why they lacked the discriminatory or retaliatory intent or motivation is not unfairly prejudicial to EEOC.  To the contrary, the real prejudice would be denying Bertelli and Perry the opportunity to defend against EEOC's allegations with otherwise highly probative testimony.

Accordingly, the Court should deny EEOC's motion.  Perry and Bertelli should be permitted to tell a jury exactly why the allegations against them are without merit.

## IV.    Conclusion

For the foregoing reasons, Defendant Big Lots Stores, Inc. respectfully requests that Plaintiff's motion *in limine* be denied.


Dated:  November 1, 2018                    Respectfully submitted,

                                                        /s/ David R. Stone

                                                        Mark A. Knueve (0067074), Trial Attorney*
                                                        Daniel J. Clark (0075125)*
                                                        Cory D. Catignani (0084329)*
                                                        VORYS, SATER, SEYMOUR AND PEASE LLP
                                                        52 East Gay Street
                                                        Columbus, Ohio 43215

7

Tel.: (614) 464-5645
Fax: (614) 719-4866
maknueve@vorys.com
djclark@vorys.com
cdcatignani@vorys.com
*Admitted *pro hac vice*

Justin M. Harrison (WVSB #9255)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Tel.: (304) 340-1358
Fax: (304) 340-1080
justin.harrison@jacksonkelly.com

David R. Stone (WVSB #12824)
JACKSON KELLY PLLC
150 Clay St., Suite 500
Morgantown, WV 26501
Tel.: (304) 284-4100
Fax: (304) 284-4142
drstone@jacksonkelly.com

**Counsel for Defendant Big Lots Stores, Inc.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 2:17-cv-00073** |
| **v.** | **Hon. John Preston Bailey** |
| **BIG LOTS STORES, INC.,** | |
| **Defendant.** | |

**CERTIFICATE OF SERVICE**

I, David R. Stone, do hereby certify that on this 1st day of November, 2018, I served a true and exact copy of the foregoing, "**BIG LOTS STORES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF CHRISTENA JOHNSON,**" with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ David R. Stone
David R. Stone (WVSB #12824)

9