## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION NO. 2:17-cv-00073** |
| v. | ) ) | **Hon. Thomas S. Kleeh** |
| BIG LOTS STORES, INC., | ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

### THE LITIGATION

This action was instituted by the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") on June 6, 2017, against Big Lots Stores, Inc. ("Big Lots" or "Defendant"), to enforce provisions of Titles I and V of The Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008. In its Answer, Defendant denied EEOC's allegations of ADA violations.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims stated in the Complaint filed by the EEOC.

### FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A.    This Court has jurisdiction of the subject matter of this action and of the parties.

1

B.      The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The interests of the parties, Charging Parties Johnson and Blackburn, and the public are adequately protected by this Decree.

C.      This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

D.      This Decree resolves all claims pleaded in EEOC's Complaint in the above-styled and numbered action in accordance with the terms set forth herein.  This Decree represents a compromise by the Parties and shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of law.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:
## DEFINITIONS

A.      As used in this Consent Decree, the term "employee" shall be construed in accordance with controlling ADA (and by extension Title VII) case law defining the meaning of the terms "employee" and "employer."

B.      As used in subsequent paragraphs of this Consent Decree, the term "complaint" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures (so long as knowledge of the report or allegation may be imputed to Defendant), or made by any means of communication, regarding potential harassment or discrimination committed against any Big Lots employee, whether that employee is the complainant or not.

C.      As used in subsequent paragraphs of this Consent Decree, unless otherwise specifically indicated, the terms "Big Lots" or "Defendant" shall refer to all of Defendant's retail and corporate locations in the United States, its territories and possessions.

D.      As used in subsequent paragraphs of this Consent Decree, the term "day" or "days" shall mean calendar days.

## INJUNCTION

1.      Defendant shall not discriminate against any person on the basis of disability under the ADA, including unlawful disability-based harassment, denial of promotion because of disability, and any adverse employment action because of a person's known association with a disabled person.

2.      Defendant shall not discriminate or retaliate against any person because such person has opposed any practice reasonably believed to be unlawful under the ADA; filed a Charge of Discrimination under the ADA; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA; or received relief under this Decree.

## MONETARY RELIEF

3.      Within fourteen (14) days of entry of this Decree by the Court, Defendant shall pay $70,000.00 to Christena Johnson, of which $13,437.00 shall constitute back pay and $56,563.00 shall constitute compensatory damages for emotional distress and punitive damages. Defendant shall deliver the required monetary payments to Johnson via certified mail return receipt or express overnight mail at an address to be provided by the EEOC. Payment to Johnson shall be completed using two checks, one check for the amount constituting back pay (less applicable federal, state and local payroll tax withholdings) and a second check for the amount constituting compensatory and punitive damages. Copies of all checks shall be mailed to EEOC counsel of record within ten (10) days of Defendant's delivery of the checks to Johnson.

4.      Within fourteen (14) days of entry of this Decree by the Court, Defendant shall pay $30,000.00 to Sheria Blackburn, of which $9299.00 shall constitute back pay and $20,701.00 shall constitute compensatory damages for emotional distress and punitive damages. Defendant shall

deliver the required monetary payments to Blackburn via certified mail return receipt or express overnight mail at an address to be provided by the EEOC. Payment to Blackburn shall be completed using two checks, one check for the amount constituting back pay (less applicable federal, state and local payroll tax withholdings) and a second check for the amount constituting compensatory and punitive damages. Copies of all checks shall be mailed to EEOC counsel of record within ten (10) days of Defendant's delivery of the checks to Blackburn.

5.     Defendant shall issue to Johnson and Blackburn an IRS Form W-2 for any monetary relief amount constituting back pay and an IRS Form 1099-MISC for any monetary relief amount constituting compensatory and punitive damages. Defendant shall issue such documents not later than the date that such documents are issued to employees or the end of the current calendar year, whichever date is later.

## EEO INVESTIGATION PROCEDURES AND TRAINING

6.     During the operation of this Decree, Defendant shall require that personnel conducting investigations of potential or alleged disability-based harassment or discrimination, or potential or alleged ADA-prohibited retaliation, threats, coercion, intimidation or interference, shall generate investigation reports, including attaching any and all complaints, notes of interviews conducted during such investigations, and any other relevant evidence considered. A copy of each such report shall be stored electronically in Defendant's human resources database. To the extent possible,  reports required by this Paragraph shall contain the following content: (a) the name, home address, home telephone number and cell phone number (as applicable), job title and social security number of the complainant; (b) the date of the complaint; (c) a recitation of the specific allegations of disability harassment or discrimination or ADA-prohibited retaliation, threats, coercion, intimidation or interference that were made; (d) the name(s), home addresses, home telephone numbers and cell phone numbers (if available), job titles and social security numbers of

4

any alleged perpetrators and any witnesses; (e) a recitation of the substance of any statements made by each alleged perpetrator and each witness who was interviewed; (f) a description of actions taken to investigate the complaint and dates of such actions; and (g) a description of Defendant's conclusions regarding the complaint and any corrective action in response to the complaint.

7.    Prior to any decision concerning corrective actions, if any, to be taken in response to the investigations referenced in Paragraph 6, above, Defendant shall provide the complete investigation report(s) required by that Paragraph to Defendant's personnel who are responsible for making the decision concerning such corrective action.

8.    Defendant shall provide training to certain personnel regarding standards for conducting investigations of harassment and discrimination, including disability-related harassment and discrimination, consistent with controlling principles of law and reasonable fact-finding standards. Such training shall be provided to all human resources and investigative personnel with authority to investigate complaints of disability harassment or discrimination or recommend or take corrective action regarding complaints of disability harassment or discrimination who have not already received training regarding the aforementioned subjects prior to entry of this Decree. Such training shall be not less than three (3) hours in duration and shall be provided within three (3) months of entry of this Decree by the Court.

9.    Not later than fourteen (14) days after any training session required by Paragraph 8, Defendant shall furnish the following to EEOC: confirmation of the date and location of the training session(s), a list of attendees (including name and position), any written materials or visual presentations used during the training session(s).

## REPORTS TO BE SUBMITTED TO EEOC
## AND DOCUMENT RETENTION REQUIREMENTS

10.     During the operation of this Decree, Defendant shall transmit to EEOC a copy of all written investigation reports required by Paragraph 6, above, when such reports (i) relate to the Elkins, West Virginia facility, or (ii) regardless of facility location, involve allegations made against former store team leader David Perry, Bobbi Curtis, Pam Heckler, Kellie Graham and/or Shelia Bertelli.   Defendant represents that David Perry, Bobbi Curtis, Pam Heckler, and Kelli Graham are no longer employed by Defendant.

11.     The reports required by Paragraph 10, above, shall be transmitted to EEOC not later than thirty (30) days after receipt of any complaints that are the subject of the investigation. Defendant shall submit a final report for each complaint due no more than ten (10) days after Defendant takes final action regarding the complaint.

12.     Additionally, during the operation of this Decree, Defendant shall retain all documents created in accordance with Paragraph 6 of this Decree.

## POSTING OF NOTICE

13.     Within ten (10) days following entry of this Decree, Defendant shall post a copy of the Notice, attached hereto as Exhibit A, at its Elkins, West Virginia facility.   Defendant shall post this Notice on the bulletin boards usually used by it for communicating with employees and applicants.  The Notices shall remain posted for two (2) years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material.  Defendant shall certify to the EEOC in writing within fifteen (15) business days after entry of the Decree that the Notices have been properly posted.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

14.     The entry of this Decree will fully and finally resolve all claims pleaded in this litigation, and the case shall be terminated.  This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

15.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of West Virginia.

16.     EEOC may review compliance with this Decree.  As part of such review, EEOC may, upon five (5) days written notice to David Campbell, 4900 E. Dublin Granville Rd., Columbus, Ohio 43081, require Defendant to produce all documents relevant to its compliance with this Decree and to perform any other investigatory action permitted by law.  EEOC's authority under this Paragraph shall not be construed to limit any other authority to conduct investigations of Defendant that is provided by law.

In the event that a dispute arises under this Paragraph, EEOC shall provide written notice to Defendant, through its undersigned counsel, of EEOC's intent to seek the Court's review and resolution of any such dispute. Thereafter, the parties will confer in good faith in an attempt to resolve such dispute.  EEOC may move for Court review and resolution under this Paragraph not less than twenty-eight (28) days after providing the written notice required by this Paragraph.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

17.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree.

## MISCELLANEOUS PROVISIONS

18.     Each party to this Decree shall bear its own expenses, attorney's fees and costs.

19.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant.  Defendant, and any of its successor(s), shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

20.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

21.     When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Ronald L. Phillips, Supervisory Trial Attorney, U.S. Equal Employment Opportunity Commission, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, MD 21201.

22.     In the event the EEOC believes that Defendant has violated any provision of this Decree, before instituting any proceeding to seek remedies for the alleged violation, the EEOC shall provide written notice to Big Lots, through its undersigned counsel, of the alleged violation. Upon receipt of such notice, Defendant will have twenty-eight (28) days to cure any alleged violation and to provide written notice to EEOC describing actions taken to cure the alleged violation.

23.     In the event that parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by joint motion, and such modifications shall not be effective unless approved by order of the Court.

[remainder of page intentionally left blank]

8

**APPROVED BY:**

FOR BIG LOTS STORES, INC.:

MARK A. KNUEVE
DANIEL J. CLARK
CORY D. CATIGNANI
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43216-1008
Telephone: (614) 464-6987
Fax: (614) 719-4808
maknueve@vorys.com
djclark@vorys.com
cdcatignani@vorys.com

JUSTIN M. HARRISON
(WVSB #9255)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, WV 25322
Telephone: (304) 340-1358
Fax: (304) 340-1080
justin.harrison@jacksonkelly.com

Counsel for Defendant Big Lots Stores, Inc.

FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

SHARON FAST GUSTAFSON
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Telephone: (410) 209-2737
Fax: (410) 962-4270
Email: ronald.phillips@eeoc.gov

GREGORY A. MURRAY
SENIOR TRIAL ATTORNEY
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 588-6907
Fax: (412) 395-5749
Email: gregory.murray@eeoc.gov

**IT IS SO ORDERED**:

November 26, 2019
DATE

HONORABLE THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

9

**<u>EXHIBIT A</u>**



## NOTICE TO BIG LOTS STORES, INC. EMPLOYEES
## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is being posted pursuant to a consent decree in the matter of *U.S. EEOC v. Big Lots Stores, Inc.*, Civil Action No. 2:17-cv-00073 (U.S. District Court for the Northern District of West Virginia), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against Big Lots Stores, Inc. ("Big Lots"). In that lawsuit, EEOC charged that certain employees and managers of the Big Lots Store in Elkins, West Virginia violated the Americans with Disabilities Act of 1990 ("ADA") by subjecting two of their co-workers to disability harassment and discrimination, as well as retaliation, threats, intimidation, coercion and interference in response to the two workers' complaints of disability harassment and discrimination.  Big Lots denied the EEOC's allegations.

To resolve the case, Big Lots and the EEOC have entered into a Consent Decree approved by federal court order that:

1)  Prohibits harassment or discrimination against employees or applicants because of ADA disabilities; and
2)  Prohibits retaliation against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, religion, race, color, national origin, sex, pregnancy/childbirth/related medical conditions, genetic information, age, or in retaliation for opposing practices reasonably believed to be discriminatory or filing or participating in a charge of discrimination. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at *info@eeoc.gov*.  The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material.**

_____          _____
Date                                                                  For:  Big Lots Stores, Inc.